# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50156

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: December 26, 2023 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| EDDIE DANIEL CARDONA, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, Senior District Judge.

Judgment of conviction and unified aggregate sentence of twenty-five years with a minimum period of confinement of ten years for attempted strangulation, domestic violence with traumatic injury, domestic battery in the presence of a child, and injury to a child, with persistent violator enhancement, affirmed.

Erik R. Lehtinen, Interim State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before LORELLO, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge
_____

PER CURIAM

Eddie Daniel Cardona was found guilty of attempted strangulation, Idaho Code § 18-923; domestic violence with traumatic injury, I.C. §§ 18-918(2), 18-903(a); domestic battery in the presence of a child, I.C. §§ 18-918(5), 18-903(a), 18-918(4); and injury to a child (misdemeanor), I.C. § 18-1501(2). Cardona admitted he was a persistent violator, I.C. § 19-2514. The district court imposed a unified term of fifteen years with ten years determinate for attempted strangulation; ten years indeterminate for domestic violence; ten years indeterminate for domestic battery in the presence of a child; and six months jail with credit for time served on the

1

misdemeanor injury to a child count, for an aggregate unified sentence of twenty-five years with ten years determinate. Cardona appeals, contending that his aggregate sentence is excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Cardona's judgment of conviction and sentence are affirmed.